STEPHEN P. BERZON (CA Bar No. 46540)
SCOTT A. KRONLAND (CA Bar No. 171693)
ZOE PALITZ (CA Bar No. 275752)
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
Email: sberzon@altber.com
Email: skronland@altber.com
Email: zpalitz@altber.com

BENJAMIN SACHS (DC Bar No. 479092)
1525 Massachusetts Avenue
Cambridge, Massachusetts 02138
Telephone: (617) 384-5984
Facsimile: (617) 496-5156
Email: bsachs84@gmail.com

JAMES M. PIOTROWSKI (ID Bar No. 5911)
Herzfeld & Piotrowski, LLP
P.O. Box 2864
824 W. Franklin Street
Boise, Idaho 83701
Telephone: (208) 331-9200
Facsimile: (208) 331-9201
Email: james@idunionlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 370,<br><br>    Plaintiff,<br><br>v.<br><br>LAWRENCE G. WASDEN, in his official capacity as Attorney General for the State of Idaho,<br><br>    Defendant. | CASE NO.: 4:15-CV-00500<br><br>**RESPONSE OF PLAINTIFF LOCAL 370 TO MOTION FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS [Dkt. 33]** |

The motion for leave to file an amicus brief (Dkt. 33) is untimely. The State's motion to dismiss has been fully briefed and under submission for more than three months. Thus, the Court would be well within its discretion to deny the belated motion for leave to file an amicus brief in support of that motion. *See, e.g.*, *Long v. Coast Resorts, Inc.*, 49 F. Supp. 2d 1177, 1178 (D. Nev. 1999). Nonetheless, in the interest of avoiding further delay, Plaintiff Local 370 does not oppose the filing of the amicus brief. Local 370 instead points out the following:

1. To the extent that that amicus does more than restate the State's arguments, the Court should disregard any new arguments. "In the absence of exceptional circumstances, which are not present here, [federal courts] do not address issues raised only in an amicus brief." *Artichoke Joe's Cal. Grand Casino v. Norton*, 353 F.3d 712, 719 (9th Cir. 2003).

2. Amicus is mistaken that the "proper target for Local 370's [takings] challenge is the [National Labor Relations Act ("NLRA")]," rather than Idaho's right to work law. Dkt. 34 (Proposed Amicus Br.) at p. 3. The NLRA authorizes exclusive representation and the duty of fair representation, but also expressly permits private employers and unions to voluntarily enter into agreements designed to ensure that all employees pay their fair share for the cost of the union's representation. 29 U.S.C. § 158(a)(3). It is Idaho's state law that — by prohibiting such private, voluntary agreements — denies the union the opportunity to obtain compensation for its services.

3. Amicus's sweeping statement that Local 370's takings claim would render "several other provisions of the NLRA, perhaps the entire Act, . . . unconstitutional," Proposed Amicus Br. at p. 13 (emphasis added), is not only wrong but also provides further support for Local 370's interpretation of NLRA section 14(b).

Local 370's interpretation of NLRA section 14(b) is consistent with the language of the federal statute as well as the legislative history, and its adoption by this Court would ensure that "constitutional issues not be needlessly confronted." *Edward J. DeBartolo Corp. v. Florida Gulf Coast Bldg. & Const. Trades Council*, 485 U.S. 568, 575 (1988). By contrast, the State's interpretation of NLRA section 14(b) — as authorizing confiscatory state right to work laws that

ban all service fees — creates a constitutional problem. Because the State's "construction of [the NLRA] would raise serious constitutional problems, the Court [should] construe the statute to avoid such problems." *Id.*; *see also id.* ("The courts will . . . not lightly assume that Congress intended to infringe constitutionally protected liberties or usurp power constitutionally forbidden it.").

4. Amicus errs in suggesting that *Retail Clerks International Ass'n, Local 1625 v. Schermerhorn*, 373 U.S. 746 (1963), supports the State's interpretation of section 14(b). As discussed in Local 370's opposition brief, *Retail Clerks* addressed only agency shop agreements that require nonmembers to pay *the same* dues and fees as members. The question whether section 14(b) permits states to prohibit agreements requiring workers to pay *less than* member dues and fees, including the service fees at issue here, was expressly left open by the Court in *Retail Clerks*. *See id.* at 751-52 ("Whatever be the status of less stringent union-security arrangements, the agency shop is within s[ection] 14(b)"). No Supreme Court or Ninth Circuit opinion has since resolved that question.

5. Finally, amicus raises arguments that are not appropriate for adjudication under Federal Rule of Civil Procedure 12(b)(6). Amicus devotes nine pages to what it acknowledges is a "fact-based inquiry," Proposed Amicus Br. at p. 4, as to whether Idaho's law effects a regulatory taking under the standards set forth in *Penn Central Transportation Company v. City of New York*, 438 U.S. 104 (1978).

\* \* \*

For the foregoing reasons, Local 370 respectfully submits that the proposed amicus brief does not merit the Court's attention. If the Court grants leave to file the brief, Local 370 requests that this short response be transmitted to the Court along with the amicus brief.

Dated: June 2, 2016         */s/ Stephen P. Berzon*

                                          STEPHEN P. BERZON
                                        SCOTT A. KRONLAND
                                        ZOE PALITZ
                                        Altshuler Berzon LLP

177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
Email: sberzon@altber.com
Email: skronland@altber.com
Email: zpalitz@altber.com

BENJAMIN I. SACHS
1525 Massachusetts Avenue
Cambridge, Massachusetts 02138
Telephone: (617) 384-5984
Facsimile: (617) 496-5156
Email: bsachs84@gmail.com

JAMES M. PIOTROWSKI
Herzfeld & Piotrowski, LLP
P.O. Box 2864
824 W. Franklin Street
Boise, Idaho 83701
Telephone: (208) 331-9200
Facsimile: (208) 331-9201
Email: james@idunionlaw.com

*Attorneys for Plaintiff*

# **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served via electronic service through the Court's CM/ECF system, on the following:

Clay Smith
Clay.smith@ag.idaho.gov

Bruce N. Cameron
bnc@nrtw.org

David H Leroy
dave@dleroy.com

This 2nd day of June, 2016.

                                                */s/ Zoe Palitz*
                                                Zoe Palitz