LAWRENCE G. WASDEN
ATTORNEY GENERAL

BRIAN KANE, ISB #6264
Assistant Chief Deputy Attorney General

STEVEN L. OLSEN, ISB #3586
Chief of Civil Litigation
CLAY R. SMITH, ISB #6385
Deputy Attorney General
954 W. Jefferson Street, 2nd Floor
P.O. Box 83720
Boise, ID  83720-0010
Telephone:      (208) 334-2400
Facsimile:      (208) 854-8073
      Attorneys for Defendant Lawrence G. Wasden

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 370,      ) | Case No. 4:15-cv-00500-EJL-CWD |
| )                                      Plaintiff,             ) | |
| vs.                                                          ) | **NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF** |
| LAWRENCE G. WASDEN, in his official                          ) | **MOTION TO DISMISS FIRST** |
| capacity as Attorney General for the State of                ) | **AMENDED COMPLAINT [Dkt. 16]** |
| Idaho,                                                       ) | |
| )                                      Defendant.            ) | |

Defendant advises this Court of the following supplemental authority: *International Alliance of Theatrical Stage Employees Local 720 (Tropicana Las Vegas, Inc.)*, 363 N.L.R.B. No. 148, 2016 WL 1255306 (Mar. 30, 2016) (Attachment).  The National Labor Relations Board adopted there the administrative law judge's rulings, findings and conclusions.  In relevant part, the ALJ rejected the respondent local union's contention that no duty of fair representation exists in a right-to-work State with respect to bargaining unit employees who choose not to become

NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS
FIRST AMENDED COMPLAINT [Dkt. 16]

members or to pay for representation.  Particularly relevant to arguments made by Defendant in

prior briefing (Dkt. 16-1 at 19; Dkt. 26 at 9) is the following analysis by the ALJ:

> I find that the Respondent has a duty of fair representation because it gains a thing of value by being allowed the power of exclusive representation over all employees in the bargaining unit whether the employees agree or not, and that value is sufficient compensation for whatever services the Respondent perform for employees.  A union has such comprehensive authority vested in it when it acts as the exclusive agent of users of a hiring hall and because the users must place such dependence on the union that there necessarily arises a fiduciary duty on the part of the union not to conduct itself in an arbitrary, invidious, or discriminatory manner when representing those who seek to be referred out for employment by it.

Attachment at 9.

       DATED: June 10, 2016.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL


By    /s/ *Clay R. Smith*
       CLAY R. SMITH
       Deputy Attorney General

**<u>CERTIFICATE OF SERVICE</u>**

       I HEREBY CERTIFY that on June 10, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Stephen P. Berzon
sberzon@alber.com

Zoe Palitz
zpalitz@alber.com

James M. Piotrowski
james@idunionlaw.com

Scott A. Kronland
skronland@alber.com

Benjamin Sachs
bsachs@law.harvard.edu

David H Leroy
dave@dleroy.com

Bruce N Cameron
bnc@nrtw.org


                     */s/ Clay R. Smith*
                     Clay R. Smith
                     Deputy Attorney General