UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 370,<br><br>                   Plaintiff,<br><br>v.<br><br>LAWRENCE G. WASDEN, in his official capacity as Attorney General for the State of Idaho,<br><br>                   Defendant. | Case No. 4:15-cv-00500-EJL-CWD<br><br>**ORDER RE: MOTION FOR LEAVE TO FILE AMICUS BRIEF (DKT. 33)** |

## INTRODUCTION

Pending before the Court is an unopposed Motion for Leave to File Amicus Brief in Support of Defendant's Motion to Dismiss (Dkt. 33) filed by the National Right to Work Legal Defense and Education Foundation, Inc. In the interest of avoiding delay, and because the Court conclusively finds the decisional process would not be significantly aided by oral argument, the pending motion will be decided on the record and without oral argument. Dist. Idaho L. R. 7.1(d). For the reasons that follow, the Court will grant the motion.

**ORDER RE: MOTION FOR LEAVE TO FILE AMICUS BRIEF - 1**

## BACKGROUND

Plaintiff, the International Union of Operating Engineers Local 370 ("Local 370"), is a labor organization that represents workers in Idaho, including approximately 400 workers at MotivePower, a locomotive manufacturer in Boise, Idaho. (Dkt. 14.) Local 370 has a duty to represent all workers in a bargaining unit, even those who are not Union members. Although Local 370's representational work benefits all bargaining unit employees, it is paid for entirely by those workers who choose to be Union members. The Union members—who make up approximately 32 percent of the MotivePower bargaining unit—pay monthly dues of 2.5 times their hourly wage, while nonmembers—the other 68 percent—pay nothing. Union members are frustrated that their dues are often times used to underwrite Local 370's work for their nonmember co-workers who pay nothing.

In an attempt to resolve this issue, Local 370 negotiated with MotivePower to enter into a Fair Representation Fee Agreement, which would require all bargaining unit employees to pay a service fee to cover a portion of the cost of the Union's representation. MotivePower rejected Local 370's proposal on the grounds that the proposed agreement violated Idaho's right to work law pursuant to Idaho Code § 44-2003(3).

On October 22, 2015, Local 370 filed this action against the Attorney General for the State of Idaho, Lawrence Wasden, to invalidate the Idaho law. (Dkt. 1.) On November 17, 2015, Defendants timely filed a motion to dismiss the entirety of Local

**ORDER RE: MOTION FOR LEAVE TO FILE AMICUS BRIEF - 2**

370's Complaint.[1] (Dkt. 11.) The Motion to Dismiss was fully briefed and ready for the Court's review on February 22, 2016. (Dkt. 26.)

On May 26, 2016, the National Right to Work Legal Defense and Education Foundation, Inc. ("Foundation") filed a Motion for Leave to File Amicus Brief in Support of Defendant's Motion to Dismiss (Dkt. 33) along with its amicus brief. (Dkt. 34.) Neither Wasden nor Local 370 opposes the Foundation's motion; however, Local 370 asserts the motion is untimely and requests the Court disregard new arguments presented in the amicus brief. (Dkt. 35, 36.)

## DISCUSSION

The Foundation moves to submit its amicus brief to provide special expertise, bring additional authority to the Court's attention, and assert that Local 370 has proposed the wrong constitutional remedy in this action. The Foundation contends, over the past forty-five years, its legal staff has been involved in every United States Supreme Court decision dealing with compulsory union fees. Neither Wasden nor Local 370 opposes the Foundation's motion; however, Local 370 asserts the motion is untimely and requests the Court disregard the new arguments presented in the proposed amicus brief. (Dkt. 35, 36.)

There is no inherent right to file an amicus brief. Rather, district courts retain broad discretion to either permit or reject the appearance of amicus curiae, and typically allow amicus briefs only when they are both timely and useful. *See Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1514 (9th Cir. 1987). In addition, participation of

---

[1] Wasden filed an amended motion to dismiss on December 17, 2015 (Dkt. 16), after Local 370 filed its Amended Complaint on December 8, 2015. (Dkt. 13)

**ORDER RE: MOTION FOR LEAVE TO FILE AMICUS BRIEF - 3**

amicus curiae may be appropriate where legal issues in a case have potential ramifications beyond the parties directly involved. *See, e.g., Sonoma Falls Developers, L.L.C. v. Nev. Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003).

The Court will allow the Foundation to file an amicus brief in this case, because its input may be useful to the Court when considering Wasden's motion to dismiss and because the potential impact of this action likely reaches employees, employers, and unions not named in this action. The Foundation has insight to add because of its expertise in the matter and its involvement in many other cases dealing with Right to Work legislation. Further, the delay, if any, caused by allowing the Foundation's amicus brief will be minimal as there is no hearing set on the pending motion and the Foundation has already filed their amicus brief.[2] Accordingly, for these reasons, the Court will grant the Foundation's motion.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

1) Motion for Leave to File Amicus Brief in Support of Defendant's Motion to Dismiss (Dkt. 33) is **GRANTED**.

Dated: **June 22, 2016**

Honorable Candy W. Dale
United States Magistrate Judge

---

[2] The Court will take into consideration the concerns in Local 370's response to the motion regarding the amicus brief when making a determination on the motion to dismiss. No further briefing should be submitted by any party or the amicus without permission of the Court.

**ORDER RE: MOTION FOR LEAVE TO FILE AMICUS BRIEF - 4**